UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregory T. Howard,

    Plaintiff,

v.                                       Case No. 2:09-cv-251

The Huntington National Bank,          Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

On February 19, 2010, the Court dismissed all claims in this action and denied plaintiff Gregory T. Howard's motion for leave to amend his complaint. Mr. Howard has filed several post-judgment motions along with various memoranda in support. Defendant Huntington National Bank opposes the motions. Mr. Howard also filed a notice of appeal, but that appeal is being held in abeyance until the Court rules on his motion to vacate and set aside judgment. (Doc. 41.)   For the following reasons, plaintiff's motion to vacate and set aside judgment will be denied. The Court will also deny Mr. Howard's motions for reconsideration (Doc. 52), for appointment of counsel to represent him on appeal (Doc. 51), and to proceed *in forma pauperis* on appeal. (Doc. 47.)

### I. MOTION TO VACATE OR SET ASIDE JUDGMENT

**A. Legal Standard**

A motion to vacate or set aside judgment filed within the time period prescribed by Federal Rule of Civil Procedure 59(e) is properly considered a motion to alter or amend judgment. *Foman v. Davis*, 371 U.S. 178, 181 (1962); *Columbia Gas*

*Transmission Corp. v. Ltd. Corp.*, 951 F.2d 110, 112 (6th Cir. 1991). The purpose of such a motion is to correct manifest errors of fact or law. *Romero-Vargas v. Shalala*, 907 F. Supp. 1128, 1135 (N.D. Ohio 1995). It is not ordinarily the function of a motion to alter or amend judgment either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue. *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996). If a party disagrees with the Court's decision on a legal issue, its "'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'" *Id., quoting Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991). Although the Court can choose, in the interests of judicial economy, to rely on its earlier decision as the definitive resolution of the issues decided therein, it is also true that because the filing of a timely Rule 59 motion suspends the finality of the judgment for purposes of appeal and thereby renders the decision interlocutory in nature, the Court can, if it deems appropriate, revisit any legal determination *de novo* and alter, amend, or even reverse the prior decision if justice so requires. *Binkley Co. v. E. Tank, Inc.*, 831 F.2d 333, 336 n.4 (1st Cir. 1987); *cf. Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 n.5 (6th Cir. 1982). It is with these standards in mind that the motion to vacate or set aside judgment will be decided.

## B. Law and Analysis

Mr. Howard first argues that the Court should have given him notice of its intent to dismiss and the grounds for dismissal, as well as an opportunity to respond, before

dismissing his complaint. In support of his contention, Mr. Howard relies on *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983). *Tingler* involved the dismissal of a case on the merits prior to service of the complaint and without notifying plaintiff of the proposed dismissal. *Id.* at 1111. Because the Court did not dismiss Mr. Howard's complaint *sua sponte*, *Tingler* has no application here. Huntington served Mr. Howard with a copy of its motion to dismiss for lack of subject matter jurisdiction on April 27, 2009. (Doc. 8.) Mr. Howard was able to respond to Huntington's motion on May 1, 2009. (Doc. 11.) Huntington later filed a supplemental memorandum in support of its motion after being served with Mr. Howard's amended complaint. (Doc. 32.) Once again, Mr. Howard responded in opposition. (Doc. 33.) It was not until the motion was fully briefed that the Court rendered its decision dismissing Mr. Howard's complaint for lack of subject matter jurisdiction. Accordingly, Mr. Howard was given ample notice that the Court was considering Huntington's motion, as well as the grounds supporting dismissal. He also had multiple opportunities to respond to the motion. Consequently, his argument to the contrary is without merit. *See Mills v. EquiCredit Corp.*, 172 F. App'x 652, 654–55 (6th Cir. 2006).

Mr. Howard also contends that he properly amended his complaint within 21 days of being served with Huntington's motion to dismiss in conformity with Federal Rule of Civil Prpcedure 15(a)(1)(B). This rule provides in relevant part that a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b). As noted, Huntington served its Federal Rule of Civil Procedure 12(b)(1) motion on April 27, 2009. Mr. Howard sought leave to amend his complaint on May 11, 2009, and attached a proposed amended complaint. Thus, if the motion for

leave is construed as an amended complaint, it was filed within the parameters of Rule 15(a)(1)(B).

Assuming plaintiff's argument is correct, there is still no reason to alter or amend the judgment dismissing his complaint. The Court fully considered the allegations set forth in the proposed amended complaint, as well as those pleaded in the amended complaint filed by Mr. Howard on January 19, 2010. (Doc. 31.) Although they are not the same pleading, neither successfully invokes the jurisdiction of this Court under 28 U.S.C. § 1331. Therefore, the motion to amend was properly denied as futile in light of Huntington's well-founded motion to dismiss for lack of subject matter jurisdiction.

Mr. Howard asks, in the alternative, that this action be transferred to the Federal Reserve Board which is purportedly vested with the authority to determine the proper civil remedy for his claim under the Change in Bank Control Act of 1978, 12 U.S.C. § 1817. The Court previously determined that no private right of action exists under the CBCA. Mr. Howard fails to identify any statutory mechanism for transferring an action to the FRB, and the Court concludes that it lacks any authority to do so. Accordingly, plaintiff's request will be denied.

Mr. Howard raises additional arguments in his supplemental memorandum and second supplemental memorandum. (Docs. 42, 43.) First, he maintains that his well-pleaded breach of contract claim provides a legal basis for federal question jurisdiction under 28 U.S.C. § 1331. This argument clearly is without merit. *See Smith v. Corrections Corp. of America*, 19 F. App'x 318, 320 (6th Cir. 2001) (claim properly dismissed for lack of jurisdiction where plaintiff relied on contract rather than Constitution or federal law).

In addition, Mr. Howard asserts a claim against Huntington for gross negligence which he contends is based on federal law, relying on *Washington v. Reed*, No. 05-cv-72433, 2007 WL 2029503 (E.D. Mich. July 9, 2007). *Washington*, however, says nothing about jurisdiction. After denying the plaintiff's motion for reconsideration, the court simply stated that the gross negligence claim would proceed to trial. *Id.* at *2. A federal district court does not have federal question jurisdiction over state law torts. *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007). *See also Kregger v. Posner*, 248 F. Supp. 804, 807 (E.D. Mich. 1966) (to extent plaintiff seeks damages for negligence as opposed to denial of federal rights, privileges, or immunities, no federal question jurisdiction exists).

Mr. Howard also argues that he has stated an actionable claim under 28 U.S.C. § 1331 for violation of a right secured by the United States Constitution or federal statute, namely that Huntington deprived him of due process by failing to warn him before he completed his banking transaction that he would incur an overdraft fee. Mr. Howard has seemingly confused section 1331 with 42 U.S.C. § 1983 which creates a cause of action against any person who under color of state law deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States. The underlying federal right which he is attempting to assert would appear to arise from the Due Process Clause of the Fourteenth Amendment which prohibits any State from depriving any person of life, liberty, or property without due process of law.

By its very language, the Due Process Clause of the Fourteenth Amendment applies only to the States, and is inapplicable to private conduct, however discriminatory or wrongful. *Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974).

Similarly, section 1983 requires that the defendant have acted under color of state law. In a section 1983 action based on a due process violation, there is, in fact, a certain redundancy since both the statute and the Fourteenth Amendment require a link between the harm and the government. *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008). Without state action, a plaintiff has not suffered a deprivation of any rights secured by the Constitution, and unless an action is taken under color of state law, there can be no violation of section 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931 (1982).

In the instant case, Huntington's conduct in charging Mr. Howard with the overdraft fee without advance warning cannot be fairly characterized as state action. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 157 (1978) ("While as a factual matter any person with sufficient physical power may deprive a person of his property, only a State or a private person whose action may be treated as that of the State itself, may deprive him of an interest encompassed within the Fourteenth Amendment protection"). Likewise, it cannot be said that Huntington acted under color of state law when it charged the overdraft fee. *See Daniels v. Charter One Bank*, 39 F. App'x 223, 225 (6th Cir. 2002) (bank was not state actor subject to liability under section 1983 where it failed to honor plaintiff's stop payment order and charged him additional fees when there were insufficient funds in his account to cover check). There is simply no link between the injury suffered by Mr. Howard and the government. Consequently, Mr. Howard has not stated a cognizable claim under section 1983. In the absence of such a claim, this Court continues to lack subject matter jurisdiction under section 1331 or any other jurisdictional statute.

Mr. Howard alternatively asserts that this Court has supplemental jurisdiction over his claims pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction, however, is predicated upon original subject matter jurisdiction in the district court. *Kaw Nation ex rel. McCauley v. Lujan*, 378 F.3d 1139, 1142 (10th Cir. 2004). Because Mr. Howard's complaint does not present a federal question, this Court lacks jurisdiction under 28 U.S.C. § 1331, and there can be no supplemental jurisdiction either. *See id.*

Having considered each of the grounds asserted by plaintiff, the Court concludes that Mr. Howard has failed to identify any manifest errors of fact or law in the dismissal of his action for lack of subject matter jurisdiction. Accordingly, his motion to vacate or set aside the February 19, 2010 judgment entry will be denied.

## II. MOTION FOR RELIEF FROM JUDGMENT

### A. Legal Standard

The relief available under Federal Rule of Civil Procedure 60(b) "is extraordinary and may be granted only upon a showing of exceptional circumstances." *Stotts v. Memphis Fire Dept.*, 679 F.2d 541, 562 (6th Cir. 1982), *rev'd on other grounds*, 467 U.S. 561 (1984). Whether to grant Rule 60(b) relief is within the district court's discretion. *Marshall v. Monroe & Sons*, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980); *Williams v. Arn*, 654 F. Supp. 241, 246 (N.D.Ohio 1987). A party seeking relief under Rule 60(b) is required to show that its case comes within the provisions of the rule. *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1)

> mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment.

**B. Law and Analysis**

On April 28, 2010, the Court received a letter from Mr. Howard seeking relief under Fed. R. Civ. P. 60(b) to vacate the order dismissing his complaint for lack of subject matter jurisdiction. (Doc. 52.) In this letter, he suggests that the Court had "inadvertently failed to consider his warranted claim under 15 U.S.C. § 1692 *et seq.*" This statute is commonly known as the Fair Debt Collection Practices Act. Mr. Howard asserts that he stated an FDCPA claim in ¶ 21 of his complaint when he claimed to be "entitled to recover collection costs attendant to this cause resulting from damage to his credit rating." He maintains that the failure to consider this alleged claim led the Court to wrongly conclude that it lacked subject matter jurisdiction. He argues to the contrary that jurisdiction was invoked under 28 U.S.C. § 1331 because the claim arose "under the Constitution, laws, or treaties of the United States."

At the time Mr. Howard made his Rule 60(b) motion, he had already filed a notice of appeal. The Court of Appeals thereupon notified the parties that it was holding the appeal in abeyance until after this Court rules on certain pending motions of the type listed in Federal Rule of Appellate Procedure 4(a)(4). Motions of this type include those seeking to alter or amend judgment under Federal Rule of Civil Procedure 59 and those

for relief from judgment under Federal Rule of Civil Procedure 60 if filed no later than 28 days after the judgment is entered. The letter seeking relief under Civil Rule 60(b) does not fall into this latter category because it was sent more than 28 days after the order of dismissal was entered on February 19, 2010.

A timely notice of appeal normally divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the Court of Appeals. *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007). The Sixth Circuit, however, has carved out an exception to this rule that permits the district court to consider a motion for relief from judgment if it elects to do so. *Id.* Although a district court does not err when it declines to entertain the motion and lets the appeal simply run its course, there is good reason at this juncture for the Court to go ahead and decide Mr. Howard's motion. The appeal will remain in abeyance until after this Court rules on his motion to alter or amend judgment. Accordingly, resolving both post-judgment motions in the same order will allow the appellate panel to consider all of Mr. Howard's arguments at the same time and will thereby promote the efficient use of judicial resources in both this Court and the Court of Appeals.

Mr. Howard does not specify which subsection of Rule 60(b) he is proceeding under, but his use of the word "inadvertently" implies that he is relying on (1) mistake, inadvertence, surprise, or excusable neglect. He asserts that he is entitled to relief on the ground that this Court overlooked his claim under the FDCPA. *See Rader v. Cliburn*, 476 F.2d 182, 184 (6th Cir. 1973) (*per curiam*) (suggesting that relief might be available under Rule 60(b) if plaintiff could show that district court had overlooked state statute).

A thorough review of Mr. Howard's complaint, including his various amendments, reveals that he has not alleged a cause of action under the FDCPA. The purpose of this Act is to prohibit debt collectors from using abusive practices in collecting debts. 15 U.S.C. § 1692(e). The complaint nowhere mentions the statute by name or any of the applicable code sections. Mr. Howard's request to recover costs resulting from damage to his credit rating implies that Huntington reported inaccurate credit information, but the complaint contains no factual allegations that Huntington actually did this to him. Thus, he lacks standing to assert such a claim under the FDCPA. *Ruth v. Unifund CCR Partners*, No. 5:08-cv-2689, 2009 WL 585847, at *4 n. 9 (N.D. Ohio Mar. 6, 2009).

There are also no allegations to suggest that Huntington is a "business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). Even if the overdraft fee is considered to be a "debt" for purposes of the FDCPA, *see* 15 U.S.C. § 1692a(5), Huntington would be considered a "creditor" as defined by section 1692a(4), and not someone attempting to collect the debt of another. Federal courts agree that creditors who are collecting their own debts are not subject to the FDCPA. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003).

For the above reasons, any claim by Mr. Howard under the FDCPA would be utterly implausible. When the allegations of a complaint are totally devoid of merit, a district court may dismiss the complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*per curiam*). The Court did not inadvertently overlook Mr. Howard's FDCPA claim since no such claim

was, or could be pled. Accordingly, Mr. Howard's Rule 60(b) motion will be denied.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Mr. Howard has requested that counsel be appointed to represent him on appeal. Appointment of counsel in civil cases is not a constitutional right, but is a privilege justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Such appointment is not appropriate when the chances of success are extremely thin. *Id.* at 606.

The Court determines that exceptional circumstances are not present here. Mr. Howard has represented himself throughout this proceeding. He has prepared and filed in this Court numerous pleadings and memoranda with citations to legal authority. There is no reason to believe that he could not represent himself in a similar manner on appeal. Moreover, while his motion addresses his financial condition, it does not detail any efforts to secure *pro bono* representation on his own. Lastly, although the Court does not characterize his case as frivolous, there is very little likelihood that he will be successful on appeal. Consequently, his motion for appointment of counsel will be denied.

### IV. MOTION FOR PAUPER STATUS

Mr. Howard has moved to waive the payment of the appellate filing fee under Federal Rule of Appellate Procudure 24 on the basis that he is a pauper. Appellate Rule 24 requires a party who desires to appeal *in forma pauperis* to file a motion in the district court and to attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

>> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). A party who was permitted to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3).

Appellate Rule 24(a)(3) does not apply here. Mr. Howard paid the requisite fee for filing his complaint. He did not request to proceed *in forma pauperis* in this Court and thus was not permitted to do so. To proceed *in forma pauperis* on appeal, he must file an affidavit that conforms to Form 4 of the Appendix of Forms of the Federal Rules of Appellate Procedure. The affidavit Mr. Howard attached to his motion is deficient. It does not contain the issues he intends to present on appeal and the limited financial information he provides falls far short of the detail required. For these reasons, the Court must deny plaintiff's motion for pauper status. *See United States v. Ramey*, 559 F. Supp. 60, 67 (E.D. Tenn. 1981) (omission of statement of issues from affidavit is fatal to Rule 24(a) motion). Mr. Howard may file a new motion in the Court of Appeals to proceed *in forma pauperis* and include a proper affidavit. Fed. R. App. P. 24(a)(5).

## V. DISPOSITION

Based on the foregoing reasons, Mr. Howard's motions to vacate and set aside judgment (Doc. 41), for relief under Rule 60(b) (Doc. 52), for appointment of counsel on appeal (Doc. 51), and to proceed *in forma pauperis* on appeal (Doc. 47) are **DENIED.**

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**