UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregory T. Howard,

    Plaintiff,

-v-                                  Case No. 2:09-cv-251

The Huntington National Bank,        Judge Michael H. Watson

    Defendant.

## OPINION AND ORDER

On February 19, 2010, the Court dismissed all claims in this action and denied plaintiff Gregory T. Howard's motion for leave to amend his complaint. Mr. Howard filed a motion to vacate or set aside the judgment entry of dismissal. Because this motion was filed within the time period prescribed by Fed. R. Civ. P. 59(e), the Court construed it as a motion to alter or amend judgment. Before the Court had ruled on the motion, Mr. Howard filed a notice of appeal. Pursuant to Fed. R. App. P. 4(a)(4)(B)(i), that notice of appeal would not become effective until this Court disposed of Mr. Howard's motion to vacate or set aside judgment. On September 8, 2010, the Court denied the motion to vacate or set aside judgment, but vacated that order the following day. Meanwhile, Mr. Howard filed a motion to vacate or set aside the September 8, 2010 order (Doc. 59), not realizing that the Court had already vacated the order *sua sponte*. On September 13, he moved to withdraw that motion. Doc. 60. On the same day, he filed a separate motion to assert a claim under the CJRA and for declaratory judgment. Doc. 61. On September 22, 2010, the Court denied Mr. Howard's original motion to vacate or set aside judgment (Doc. 41), along with a host of other post-judgment motions. Mr. Howard has now filed motions

to vacate or set aside the September 22, 2010 judgment (Doc. 64), to enforce a claim for gross negligent noncompliance with FCRA (Doc. 68), to assert a claim for gross negligent noncompliance with FCRA (Doc. 69), and for leave to appeal *in forma pauperis* and amended notice of appeal (Doc. 71).  For the following reasons, the Court will deny each of the pending motions and prohibit Mr. Howard from filing any additional motions without leave so long as his case remains on appeal.

## I. MOTION TO VACATE THE SEPTEMBER 8, 2010 JUDGMENT AND MOTION TO WITHDRAW

Because the September 8, 2010 judgment had already been vacated when Mr. Howard filed his motion to set aside or vacate (Doc. 59), the Court denies that motion as moot.  The Court also denies his motion to withdraw that motion (Doc. 60) as moot.

## II. MOTION TO ASSERT CLAIM UNDER THE CJRA AND FOR DECLARATORY JUDGMENT

Mr. Howard acknowledges that the Civil Justice Reform Act of 1990, 28 U.S.C. § 476, did not create a cause of action allowing parties before the Court to assert the Court's non-compliance with the Act.  Nevertheless, he seeks to challenge the Court's reporting practices under the Declaratory Judgment Act, 28 U.S.C. § 2201.  He maintains that a case of actual controversy exists for purposes of the Declaratory Judgment Act because he suffered an injury in fact as the result of the Court's failure to report his motion to vacate or set aside judgment (Doc. 41), which allegedly had been pending for more than six months.  He further contends that a favorable decision by the Court would redress this injury.  The Huntington National Bank, the sole defendant in this case, opposes the motion.

Article III of the United States Constitution restricts federal jurisdiction to the adjudication of "cases" and "controversies."  *Valley Forge Christian Coll. v. Ams. United*

for Separation of Church and State, 454 U.S. 464, 471 (1982). The Supreme Court has consistently interpreted this "bedrock requirement" to require a litigant to have "standing" in order to bring an action in federal court. Id. At a minimum, Article III demands that the plaintiff demonstrate "that he personally has suffered some actual injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." Id. (internal quotation marks and citations omitted). A court may not enter declaratory relief when the claimant lacks standing. Fieger v. Mich. Supreme Court, 553 F.3d 955, 961 (6th Cir. 2009).

Mr. Howard cannot meet any of the requirements for Article III standing regarding his putative CJRA claim. The Huntington National Bank is not an adverse, or even an interested, party with respect to plaintiff's motion. See Lawson v. Callahan, 111 F.3d 403, 405 n.7 (5th Cir. 1997). To the contrary, Mr. Howard is requesting the Court to enter declaratory relief against itself. Id. The motion, therefore, is inappropriate and should not even be considered by this Court. Id.

### III. MOTION TO VACATE OR SET ASIDE JUDGMENT (DOC. 64) AND MOTIONS TO ENFORCE AND ASSERT CLAIM UNDER FAIR CREDIT REPORTING ACT (DOCS. 68 & 69)

The notice of appeal filed by Mr. Howard on March 15, 2010, became effective on September 22, 2010, when this Court disposed of his Rule 59(e) motion. See Dean v. City of Bay City, 239 F. App'x. 107, 110 (6th Cir. 2007) (citing Fed. R. App. P. 4(a)(4)(B)). The filing of a notice of appeal (or, as in this case, the notice of appeal becoming effective) operates to transfer jurisdiction of the case to the court of appeals and thereafter the district court is without jurisdiction except to act in aid of the appeal. First Nat'l Bank of

*Salem, Ohio v. Hirsch*, 535 F.2d 343, 345 n.1 (6th Cir. 1976) (*per curiam*). The Sixth Circuit, however, has approved a procedure whereby an appellant may file a Rule 60(b) motion with the district court while the appeal is pending. If the district court indicates that it would grant the motion, the appellant should then file a motion in the court of appeals requesting a limited remand so that the district court may grant the Rule 60(b) motion. *Id.* at 346; *Ruelas v. Wolfenbarger*, 580 F.3d 403, 407 (6th Cir. 2009). The decision whether to entertain a motion for relief from judgment lies solely within the district court's discretion, and there is no error where the district court declines to address the merits of the motion. *Dunham v. United States*, 486 F.3d 931, 935 (6th Cir. 2007).

The Court determines that it has no jurisdiction to consider plaintiff's September 23, 2010 motion to vacate or set aside judgment (Doc. 64) since the motion was filed after jurisdiction over this case had transferred to the Court of Appeals. The same is true with respect to plaintiff's motion to enforce claim for gross negligent noncompliance with FCRA (Doc. 68) and motion to assert a claim for gross negligent noncompliance with FCRA (Doc. 69). The Court further declines to consider all three motions under the procedure first adopted by the Sixth Circuit in *Hirsch*, *supra*. The Court utilized this procedure in its September 22, 2010 Opinion and Order in the belief that deciding plaintiff's Rule 60(b) motion (Doc. 52) at the same time as his Rule 59(e) motion (Doc. 41) would promote the efficient use of judicial resources since the appellate panel could decide all of his arguments at the same time. It is now apparent that no matter how many post-judgment motions this Court attempts to resolve, Mr. Howard will simply continue to file additional motions either repeating the same arguments previously raised or asserting new claims and purported jurisdictional bases never pled.

## IV. MOTION FOR PAUPERIS STATUS AND AMENDED NOTICE OF APPEAL

The Court denied plaintiff's earlier motion to proceed *in forma pauperis* on appeal because he failed to submit an affidavit that conformed to Form 4 of the Appendix of Forms of the Federal Rules of Appellate Procedure. The affidavit which Mr. Howard submitted at that time did not state the issues he intended to present on appeal and did not contain all of the personal financial information required to show his inability to pay or give security for fees and costs. Mr. Howard has attached an affidavit to his October 1, 2010 motion which appears to contain the requisite financial information. The affidavit, however, still does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion. *See United States v. Ramey*, 559 F. Supp. 60, 67 (E.D. Tenn. 1981).

At the time it denied the earlier motion, the Court informed Mr. Howard that, pursuant to Fed. R. App. P. 24(a), he could file a new motion to proceed *in forma pauperis* in the Court of Appeals with a conforming affidavit. Whether or not Mr. Howard has done so is not apparent from the record. This remains, however, the proper procedure for challenging a district court's denial of motion to proceed *in forma pauperis*, rather than a notice of appeal. *See Smartt v. United States*, 267 F. Supp. 2d 1173, 1175 (M.D. Fla. 2003).

## V. DISPOSITION

Based on the foregoing reasons, Mr. Howard's motions to vacate and set aside the September 9, 2010 judgment (Doc. 59), to withdraw that motion (Doc. 60), and to proceed *in forma pauperis* on appeal (Doc. 71) are **DENIED**. The Court further determines that it

is without jurisdiction to decide plaintiff's motions to vacate or set aside the September 22, 2010 judgment, to enforce claim for gross negligent noncompliance with FCRA, and to assert a claim for gross negligent noncompliance with FCRA. These motions (Docs. 64, 68 & 69) are therefore **DISMISSED** and shall be removed from the Court's pending motions list. **IT IS FURTHER ORDERED** that the Clerk not accept for filing any additional motions in this case unless Mr. Howard first obtains leave of Court.

    **IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**